IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ONEITRA CARTER, o/b/o**
**LEMAR LEROYAL MORRIS**

    **Plaintiff,**

vs.                                    CASE NO. 1:07CV186-MP/AK

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application on behalf of her son, Lemar, for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

### A.    PROCEDURAL HISTORY

Plaintiff filed an application for SSI on September 12, 2003, alleging a disability onset date of May 20, 1992, (his date of birth), because of left lower leg and foot gigantism. Plaintiff petitioned for a hearing before an administrative law judge (ALJ),

who conducted a hearing on February 27, 2006, and entered an unfavorable decision on July 12, 2006. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

**B.  FINDINGS OF THE ALJ**

The ALJ found that the child suffered from left leg and foot gigantism, which was a severe impairment, but which did not meet any of the listed impairments. Although Plaintiff's treating physician found that he met the requirements of Listing 101.00 , the ALJ found that the evidence did not support a finding that he was unable to ambulate without the use of a walker, two crutches or two canes. (R. 18). The ALJ also found that there was not enough evidence to show that Plaintiff was precluded from a wide range of age appropriate activities because of the depression he alleges accompanies his deformity. (R. 18). The ALJ acknowledged that treating physician opinions are accorded great weight, but the opinion of disability is reserved for the ALJ. Of the six domains, the ALJ found limitation marked limitation in one domain (moving about and manipulating objects); less than marked three domains (interacting and relating to others, caring for himself, and health and physical well-being), and no limitation in the remaining domains (acquiring and using information and attending and completing tasks).

**C.  ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in not finding substantial evidence to support that Plaintiff meets the requirements of Listing 101.03.

**No. 1:07CV186-MP/AK**

The government responds that the evidence did not support a finding that Plaintiff's condition caused an inability to ambulate effectively within the meaning of the regulations. The ALJ found and the evidence supported that Plaintiff was precluded from some physical activities because of his leg deformity and was understandably self-conscious about his condition, but that he was not limited to a marked or extreme level in any of the six domains, and was otherwise capable of functioning in an age appropriate manner.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

## D.  STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the

evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid.  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

> Childhood disability is defined by the regulations:
>
> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which have lasted, or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. §1382c(a)(3)(C)(1).
>
> The regulations set forth a three-step sequential evaluation process:
>
> 1.  The ALJ must determine if the child is performing substantial gainful activity;
> 2.  If not, the ALJ must determine whether the child's impairments are severe; and
> 3.  If severe, the ALJ must determine whether the impairments meet or equal the severity of a listed impairment.  20 CFR §416.924.

**No. 1:07CV186-MP/AK**

If the ALJ finds that the impairments are severe, but do not meet the listing requirements, he may find that the impairments result in limitations that functionally equal the listings. 20 CFR § 416.926a. To establish functional equivalence in step 3, the ALJ must have a medically determinable impairment that results in marked limitations in two functional domains or an extreme limitation in one domain. 20 CFR § 416.926a(a). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 CFR 416.926a.

E.    **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff was born with left foot and leg giantism whose treating physician is Dr. Raymond Woo. (R. 164-185, 215-217). On September 26, 2001, Dr. Woo found that the left leg and foot are of "a huge proportion," and he has a leg length discrepancy of 2 centimeters. (R. 185). He had problems with increased pain with walking and was unable to wear a shoe, such that he expressed an interest in amputation as a solution. (R. 182). Plaintiff was restricted him from running more than 5 minutes. (R. 152).

On August 25, 2003, his leg and foot were "debulked" surgically. (R. 176-179). He healed well and was able to return to school on September 23, 2003. (R. 175). He was unable to wear regular shoes, however, and continued to have mental adjustment issues to how his deformity looked. (R. 174). He and his mother were still considering amputation in January 2004, but it was deemed wise to wait until he got older. (R. 164).

**No. 1:07CV186-MP/AK**

A recent scanogram showed a length discrepancy of 1.8 cm, which Dr. Woo felt was "well within the acceptable limits of conservative treatment." (R. 215).

Plaintiff had a mental status consultative examination by Dr. William Benet who found him to be depressed related to teasing from peers at school, but average to above average intellectually, making good grades at school, with good attention, memory, and judgment, also "gait and motor activity were normal." (R. 196-198). Dr. Benet recommended psychological counseling for the depression. (R. 198).

## F.  SUMMARY OF THE ADMINISTRATIVE HEARING

Plaintiff appeared at the hearing with his mother and a representative. (R. 218). Plaintiff was very articulate, stating that his favorite subject was math, he made mostly A's and B's, and he wanted to be in the "culinary arts" when he graduated. (R. 222). His hobby was researching history, mostly African-American history, on the computer. (R. 223). He continues to have sharp pain in his left leg every day, with swelling twice a week, requiring Motrin and elevation. (R. 225). He does not participate in PE. (R. 226). He wears a lift in his shoe. (R. 226). Plaintiff's mother reports that he limps all the time because his leg is not straight and his pelvis is tilted. (R. 229). His mother also reported that he missed twenty days in the previous semester (September to December). (R. 233-234).

## G.  DISCUSSION

Listing 101.03: "Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 101.00B2b, and return

**No. 1:07CV186-MP/AK**

to effective ambulation did not occur, or is not expected to occur, within 12 months of onset."

101.00B2b defines the inability to ambulate effectively as " having insufficient lower extremity functioning (see 101.00J) to permit independent ambulation without the use of hand-held assistive device(s) that limits the functioning of both upper extremities."

"Older children...must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out age-appropriate activities. They must have the ability to travel age-appropriately without extraordinary assistance to and from school or a place of employment. Therefore, examples of ineffective ambulation for older children include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes...."

Although Plaintiff argues that his condition meets the requirements of the listing either singly or in combination with his depression, there was no evidence presented that shows Plaintiff uses any assistive device to walk. Although he was limited from participating in PE at school, he was otherwise able to ambulate to and from school. Despite his depression, he was able to discuss his future plans, his hobbies, and his feelings, and functions well in school making good grades. The only recommendation for his depression was counseling. Based on the medical evidence presented, Plaintiff does not meet the listing requirements for 101.03 and the ALJ's decision was substantially supported by the record.

**No. 1:07CV186-MP/AK**

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  ___**17th**___  day of February, 2009.


        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07CV186-MP/AK**